UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OWEN F. SILVIOUS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 11-2113 (RBW) |
| COCA-COLA COMPANY *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

In this action filed *pro se* in the Superior Court of the District of Columbia ("Superior Court") on October 20, 2011, the plaintiff is a prisoner at the Federal Correctional Institution in Butner, North Carolina, suing the Coca-Cola Company and the Mid-Atlantic Coca-Cola Bottling Company for alleged fraudulent labeling of its Coca-Cola soda cans and bottles in violation of the District of Columbia Consumer Protection Procedures Act ("D.C. Consumer Protection Act"), D.C. Code §§ 28–3901-13 (2007).  *See generally* Amended Complaint ("Am. Compl.") [Dkt. # 15].  The plaintiff seeks damages exceeding $750 million.  *Id*. at 8.  On November 28, 2011, the defendants, invoking this Court's diversity jurisdiction, removed the case from Superior Court to this Court.  *See* Notice of Removal [Dkt. # 1] ¶ 6.  The defendants now move to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  The Coca-Cola Company's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6) and 28 U.S.C. § 1915 ("Def.'s Mot.") [Dkt. # 8]; *see also* The Coca-Cola Company's Status Report to the Court Regarding Whether Its Motion to Dismiss Will Require Supplementation in Light of the Amended

Complaint [Dkt. # 19] (adopting "in full its prior Motion to Dismiss the original Complaint with respect to the Amended Complaint . . . ").[1]

Upon consideration of the defendant's motion, the Plaintiff's Opposition to Defendant's Status Report (Response) to the Court Whether It's [sic] Motion to Dismiss Will Require Supplementation in Light of the Amended Complaint ("Pl.'s Opp'n") [Dkt. # 24], which includes counterarguments to the defendant's arguments for dismissal, and the defendant's Reply in Support of the Coca-Cola Company's Motion to Dismiss Plaintiff's Amended Complaint ("Def.'s Reply") [Dkt. # 29], the Court finds that the plaintiff has not established that he has standing to bring this lawsuit and that he, as a *pro se* plaintiff, cannot pursue the claims of another individual. Hence, the Court will grant the defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.[2]

## I. BACKGROUND

The plaintiff contends that he is a citizen of Virginia pursuing this case in his own right and as assignee for "Ethan Clay [who] is a citizen of the District of Columbia." Am. Compl. ¶ 3. The plaintiff alleges that "[t]he term plaintiff means Silvious and the Assignor whose shoes Silvious has stepped in as

---

[1] The defendants clarify that the Mid-Atlantic Coca-Cola Bottling Company "is wholly owned by the Coca-Cola Company." Memorandum in Support of the Coca-Cola Company's Motion to Dismiss Plaintiff's Complaint ("Def.'s Mem.") at 1 n.1. The Court therefore will refer hereafter to the defendant in the singular.

[2] Even if the plaintiff could prosecute this action on his behalf, the defendant correctly argues that this action is barred by the District's three-year statute of limitations and, thus, is subject to dismissal also under Rule 12(b)(6). *See* Def.'s Mem. at 5-8; *Silvious v. Snapple Beverage Corp*. 793 F. Supp. 2d 414 (D.D.C. 2011) (finding same in the plaintiff's similarly pleaded case against different beverage company). The Court therefore will deny the plaintiff's motion for leave to file a second amended complaint [Dkt. # 26] on the ground of futility. *See National Wrestling Coaches Ass'n v. U.S. Dep't of Educ.*, 263 F. Supp. 2d 82, 103 (D.D.C. 2003) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.") (quoting *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)) (internal quotation marks omitted) (citing cases).

a result of the Assignment [and] as that term is defined[,] [the plaintiff] purchased defendant's product in the District of Columbia during the period of September 8, 2008 and August 6, 2010[,] well within the three year statute of limitations.  *Id*.  The plaintiff asserts that the "defendant[] sold and continues to sell Coca-Cola in cans and bottles which state very 'Coke Classic Original Formula' on it's [sic] cans and 'Coke Original Formula' on the bottles which bear the name The Coca-Cola Company, Atlanta, Georgia."  *Id*. ¶ 7.  The plaintiff asserts further that the "Coca-Cola in the cans and bottles does not contain the 'Original Formula' that was invented by a Chemist by the name of J. Pemberton in Atlanta, Georgia in 1886[,]" *id*. ¶ 8, and that Coca-Cola "has not manfactured [sic], produced or used the 'Original Formula' invented by Dr[.] Pemberton in 1886 since at least 1899."  *Id*. ¶ 9.

## II.  DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) presents "a threshold challenge to the court's jurisdiction."  *Morrow v. United States*, 723 F. Supp. 2d 71, 75 (D.D.C. 2010) (quoting *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987)).  The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Accordingly, "the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving [the motion]," *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (internal citation omitted), and "the court need not limit itself to the allegations of the complaint," *id*. at 14.  Instead, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction [in] the case."  *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000).

"The defect of standing is a defect in subject matter jurisdiction."  *Haase*, 835 F.2d at 906; *accord Stein v. Bank of Am. Corp.*, No. 11-1400 (RBW), ___ F. Supp. 2d ___, 2012 WL 3671009, at *2

(D.D.C. Aug. 28, 2012) (citation omitted). "The 'irreducible constitutional minimum of standing' . . . requires that three elements be satisfied:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, [and] (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Stein*, 2012 WL 3671009, at *3 (quoting *Lujan*, 504 U.S. at 560-61).

Unlike in his previous case against Snapple, *see Silvious v. Snapple Beverage Corp*. 793 F. Supp. 2d 414, 416, 417 (D.D.C. 2011), the plaintiff does not allege in his amended complaint that he purchased Coca-Cola in the District within the past three years, nor could he credibly assert this since it was previously determined that he has been incarcerated "since at least February 11, 2005." *Id*. at 419 (citation and internal quotation marks omitted). The plaintiff alleges instead that "Mr[.] Ethan Clay who has assigned his rights under the [D.C. Consumer Protection Act] to plaintiff Silvious, purchased Coca-Cola in the District of Columbia 495 times during the period stated herein." Am. Compl. ¶ 19; *see id.*, Exhibit ("Ex.") H (purported Assignment of Claims and Choses of Action DC Code 28-2304 of Ethan Blecher-Clay). But it is long established that a *pro se* litigant generally cannot represent the interests of other individuals, 28 U.S.C. § 1654; *Stoddard v. D.C. Pub. Defender Servs*., 535 F. Supp. 2d 116, 117 n.1 (D.D.C. 2008), and "[t]he federal courts have consistently rejected attempts at third-party lay representation," *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 17 (D.D.C. 2003) (alteration in original) (quoting *Herrera–Venegas v. Sanchez–Rivera*, 681 F.2d 41, 42 (1st Cir. 1982)). There is no reason to permit the plaintiff to do so here. Despite the purported

assignment,[3] the plaintiff would be representing the interest of a third party or, as the defendant reasonably surmises from the amended complaint's allegations and demand for relief, a class of individuals, in violation of 28 U.S.C. § 1654.  *See* Def.'s Reply at 3-4; *In re Heal*, 442 B.R. 137, 139 (Bankr. N.D. Cal. 2010) ("The key phrase [in § 1654] is 'their own cases'; a non-lawyer may not appear nominally on his own behalf if the outcome might benefit third parties . . . . The statute may not be circumvented through a purported assignment of claims.") (citing cases).

### III.  CONCLUSION

For the foregoing reasons, the Court will grant the defendant's motion to dismiss the amended complaint under Rule 12(b)(1) for lack of jurisdiction, deny as futile the plaintiff's pending motion for leave to file a second amended complaint, and dismiss this case with prejudice.[4]

_____s/_____<br>
Reggie B. Walton<br>
United States District Judge

Date: September 28, 2012

---

[3]  The validity of the assignment document is questionable since it is "Dated [and was executed] this 1st day of May, 2011 at Butner, NC," where the plaintiff is incarcerated, and contains an wholly illegible signature of the purported assignor.  Am. Compl., Ex. H.  Furthermore, a search of the United States Bureau of Prisons' inmate locator, http://www.bop.gov, reveals that an inmate named Ethan Jesse Blecher-Clay is incarcerated at the same Butner facility (FCI Butner Medium II) as is the plaintiff and has a projected release date of June 15, 2014.  Since it is a reasonable assumption that the purported assignor and the BOP inmate are one in the same, the listing of Blecher-Clay's address in the purported assignment as a residence in the northwest quadrant of the District of Columbia is seemingly a blatant misrepresentation.  The Court therefore will give no credence to this document and will order it stricken from the record.  *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any . . . impertinent . . . matter.").

[4]  A separate final Order accompanies this Memorandum Opinion.